# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AARON STOCK, <br><br> Defendant. | No. 09-CR-2032-LRR <br><br> **ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Aaron Stock's "Motion to Merge Counts of Conviction" ("Motion") (docket no. 37).

## II. RELEVANT PROCEDURAL BACKGROUND

On December 15, 2009, a grand jury returned a four-count Indictment against Defendant. Count 1 charged Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1). Counts 2 through 4 charged Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). On June 2, 2010, the court entered an Order (docket no. 33) accepting Defendant's guilty pleas to Counts 2 and 3 of the Indictment. On July 22, 2010, Defendant filed the Motion. On August 2, 2010, the government filed a Resistance (docket no. 40).

## III. ANALYSIS

In the Motion, Defendant asks the court to merge the counts of conviction into a single count for sentencing purposes.[1] Defendant argues that the Indictment is

---

[1] The government does not argue that Defendant has waived his multiplicity argument. The court finds that Defendant has waived a multiplicity challenge to the
(continued…)

multiplicitous.  An indictment is multiplicitous when it charges a single offense as separate counts.  *United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003).  A multiplicitous indictment can lead to a violation of the double jeopardy clause of the Fifth Amendment by "subjecting the defendant to two punishments for the same crime. . . ."  *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005).  "When the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution."  *Id.* (citing *Bell v. United States*, 349 U.S. 81, 83-84 (1955); *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999)).

Defendant appears to argue that the unit of prosecution for purposes of 18 U.S.C. § 2252A(a)(5)(B) is the possession of child pornography at one time and place, regardless of the amount of images or type of media.  In support of this proposition, Defendant analogizes to other criminal statutes that penalize possession.  For instance, Defendant states that, "if a prohibited person simultaneously possessed more than one firearm, he/she would be charged with one count of unlawful possession of the firearms."  Motion at 4 (citing *United States v. Kinsley*, 518 F.2d 665 (8th Cir. 1975)).  Additionally, Defendant asserts that, "if a person was in simultaneous possession of multiple baggies of crack cocaine, he/she would be charged with only one count of possession, or possession with intent to distribute."  Motion at 4.

Although Defendant correctly states the law with respect to these criminal statutes, his analogies are not persuasive in the present context.  The court agrees with the Fifth

---

[1](…continued)
Indictment.  *See* Fed. R. Crim. P. 12(b)(3)(B) (stating that "a motion alleging a defect in the indictment" must be raised before trial); *see also United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994) (holding that "defenses and objections based on defects in the indictment must be raised before trial" and that failure to do so constitutes a waiver of that claim); *United States v. Shephard*, 4 F.3d 647, 650 (8th Cir. 1993) (holding that a challenge to an indictment based on multiplicity must be raised before trial).  The court will proceed, however, to address Defendant's Motion on the merits.

2

Circuit Court of Appeals's analysis in *United States v. Planck*, 493 F.3d 501 (5th Cir. 2007). In *Planck*, the Fifth Circuit Court of Appeals affirmed separate convictions under § 2252A(a)(5)(B), where the defendant possessed images of child pornography on a desktop computer, a laptop computer and diskettes. *Planck*, 493 F.3d at 504. The Fifth Circuit held that these forms of media could constitute different counts. *Id.* The *Planck* Court reasoned that "[a] contrary result would allow amassing a warehouse of child pornographic material—books, movies, computer images—with only a single count of possession as potential punishment."

In *United States v. Martin*, 278 F. Appx. 696 (8th Cir. 2008) (unpublished), the Eighth Circuit Court of Appeals affirmed convictions for multiple counts of possession of child pornography based on the possession of multiple disks. The Eighth Circuit Court of Appeals rejected the defendant's argument that "the court should have treated his offenses as one crime for sentencing purposes," because he "pleaded guilty to two separate child-pornography counts and stipulated to possessing multiple disks containing pornographic images of children." *Martin*, 278 F. Appx at *1 (citing *Planck*, 493 F.3d at 503-05).

In the instant case, Defendant acknowledges in the plea agreement that he received images in May 2008 and downloaded these images to a laptop. He also acknowledges receiving images between March 2008 and April 2009 and downloading the images to an external hard drive. This conduct can comprise separate counts. Accordingly, the court shall deny the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Motion (docket no. 37) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 9th day of August, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA